**SILVERMAN LAW PLLC**
4 Terry Terrace, 2nd Floor
Livingston, New Jersey 07039
(646) 281-6008
Brett Silverman, Esq.
Brett@getconciergelaw.com

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CRANE ENTERPRISES, LLC,<br><br>                Debtor. | Chapter 11<br><br>No. 25-10405 (DSJ) |

**DECLARATION OF DAVID M. REPETTO**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

I, David M. Repetto, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I submit this declaration (the "**Declaration**") pursuant to Local Bankruptcy Rule 1007-2 for the Southern District of New York ("**LBR 1007-2**"), in support of the voluntary Chapter 11 petition of Crane Enterprises, LLC., the above-captioned debtor and debtor-in-possession (the "**Debtor**").

2. I am an attorney and the co-managing partner of Harwood Lloyd, LLP ("**Harwood**"), a New Jersey based law firm. I am the court-appointed administrator of the estate of Rhoda Crane (the "**R. Crane Estate**"), as well as, the President of the Debtor. The Debtor is owned 50% by the R. Crane Estate and 50% by the estate of Joyce Crane (the "**J. Crane Estate**"). The J. Crane Estate is administered by Stuart Reiser, a member

of the law firm, Shapiro, Croland, Reiser, Apfel & Di Iorio, a law firm also located in New Jersey.

3. Mr. Reiser and I have overseen the management of the Debtor since 2021. In response to LBR 1007-2(a)(i), the Debtor owns shares in a cooperative apartment building for the real property known as and located at 360 Shore Road, Apt., 8L, Long Beach, NY 11561 (the "**LB Apt.**"). The LB Apt. is a two-bedroom apartment.

4. Michael Crane has resided at the LB Apt. since 2022. Upon information and belief, Mr. Crane has never made any rental or other payments (including common charge payments) to the Debtor or anyone else for that matter.

5. Since the LB Apt. is not owned by Mr. Crane, during 2022, the Debtor commenced an eviction action against Mr. Crane in the District Court in Nassau County (the "**Eviction Action**"). On November 18, 2024, the District Court entered an order of possession and a warrant of eviction (the "**Eviction Order**") in the Eviction Action against Mr. Crane, which was stayed until January 31, 2025 (the "**Eviction Stay**"). A copy of the Eviction Order is annexed hereto as **Exhibit A**. Mr. Crane did file a Notice of Appeal of the Eviction Order, however, did not seek to extend the Eviction Stay. As a result, on January 31, 2025, the Eviction Stay expired.

6. Despite the Eviction Order, Mr. Crane has refused to vacate the LB Apt., and, as a result, of his refusal to move and monies owed to various of the Debtor's creditors, the Debtor was forced to file this bankruptcy.

7. In addition to seeking turnover of the LB Apt., the Debtor will be seeking to sell the LB Apt. in order to satisfy the Debtor's debts to its various creditors.

8. Shortly after this bankruptcy case is commenced, the Debtor will be commencing an adversary proceeding by filing a complaint against Mr. Crane, for among other relief, the turnover of the LB Apt.

9. As set forth above, Mr. Crane has not satisfied any of the common charge obligations on the LB Apt. for years. As a result, almost $35,000 in charges are owed to Xander Corp., the cooperative association, and such charges continue to accrue as a lien on the LB Apt. under New York law. For this reason, the Debtor also seeks expedited relief in obtaining possession of the LB Apt.

10. LBR 1007-4(a)(2) is not applicable here since the case was not converted from another chapter of the Bankruptcy Code.

11. In response to LBR 1007-4(a)(3), no committee was appointed before the Petition Date.

12. In response to LBR 1007-4(a)(4), a list of the Debtor's twenty largest unsecured creditors is comprised of the claims of Wilk Auslander LLP ("**Wilk**") and Harwood[1].

13. In response to LBR 1007-4(a)(5), Xander is the only secured creditor.

14. In response to LBR 1007-4(a)(6), a summary of the Debtor's assets and liabilities, the Debtor's assets equal to the value of the LB Apt. (including the proprietary lease and the cooperative shares). A real estate broker recently prepared a comparative market analysis of the LB Apt. concluding that the LB Apt. is worth approximately $800,000. The Debtor's liabilities of approximately $398,747.50 equal the sums owed to:

---

[1] I am a member of Harwood. The law firm of Honig Welikson Rosen & Digrugilliers PC performed certain legal services for the Debtor in connection with the Eviction Action against Mr. Crane. Honig's fees for that work was $13,747.50, which amount was satisfied by Harwood, and which is the basis for Harwood's unsecured claim against the Debtor.

100170281.1

(a) Xander (approximately $35,000), (b) Wilk of approximately $350,000, on account of guaranty liability, and (c) Harwood of $13,747.50, for the reasons set forth in footnote 1 of this Declaration. Wilk has agreed to accept one-third of the net proceeds received by the Debtor upon the sale of the LB Apt. in full satisfaction of its claim against the Debtor.

15. In response to LBR 1007-4(a)(7), the Debtor's shareholders are the R. Crane Estate and the J. Crane Estate.

16. In response to LBR 1007-4(a)(8), there is no property of the Debtor currently in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents or secured creditor.

17. In response to LBR 1007-4(a)(9), the LB Apt. is held and controlled by Michael Crane without the consent of the Debtor and, except for the proprietary lease between the Debtor and Xander for the cooperative unit, there are currently no leases or other contracts or authority for such control.

18. In response to LBR 1007-4(a)(10), as set forth above, the Debtor's assets consist of the LB Apt. (including the proprietary lease and the cooperative shares) and I am in possession of certain books and records of the Debtor. The Debtor has no assets or books and records outside the territorial limits of the United States.

19. In response to LBR 1007-4(a)(11), Mr. Crane commenced a proceeding to stay the Eviction Action (Index No. 612063/2024).

20. In response to LBR 1007-4(a)(12), as set forth above, Mr. Reiser and I have been attempting to obtain possession of the Debtor since our appointment during 2021.

Dated: March 4, 2025

/s/ David M. Repetto
David M. Repetto

President

100170281.1