**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NOT FOR PUBLICATION**

| | |
|---|---|
| In re:<br><br>CRANE ENTERPRISES, LLC,<br><br>Debtor. | Case No. 25-10405 (DSJ)<br>Chapter 11 |

**MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEBTOR'S MOTION FOR STRUCTURED DISMISSAL IN THE FORM OF AUTHORIZATION TO MAKE SPECIFIED DISTRIBUTIONS AND DISMISS THE BANKRUPTCY CASE**

**APPEARANCES:**

**SILVERMAN LAW OFFICE, PLLC**
*Counsel to the Debtor*
4 Terry Terrace
Livingston, NJ 07039
By: Brett Silverman, Esq.

**M.C. SHAPIRO LAW GROUP PC**
*Counsel for Michael E. Crane and Daniel M. Crane*
3 Grace Avenue, Suite 109
Great Neck, NY 11021
By: Mitchell C. Shapiro

**LAW OFFICE OF ALAN C. STEIN**
*Counsel for Michael E. Crane and Daniel M. Crane*
7600 Jericho Turnpike, Suite 308
Woodbury, NY 11803
By: Alan Stein

**WILLIAM K. HARRINGTON**
The United States Trustee for Region 2
Alexander Hamilton U.S. Custom House
One Bowling Green, Room 534
New York, NY 10004
By: Andrea B. Schwartz

**WILK AUSLANDER LLP**
*Counsel for Wilk Auslander LLP*
825 Eighth Avenue, 29th Floor

New York, NY 10019
By: Eric J. Snyder, Esq.

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

This memorandum decision and order denies without prejudice the motion (the "Motion") [ECF No. 90] of debtor Crane Enterprises LLC ("Debtor") for an order of structured dismissal, whereby the bankruptcy case would be dismissed and distribution of estate funds would be authorized to be made for purposes including to cover estate administrative expenses and to pay the allowed unsecured claim of a creditor (the Wilk Auslander law firm), while not making any provision for payment of two unsecured claims that were filed, were disallowed by a prior ruling of this Court that has been affirmed by the District Court, but that remain subject to a live appeal now pending in the Second Circuit. The claimants whose appeal or appeals remain pending are Michael and Daniel Crane, referred to in this Order as the Cranes or Objectors.

Familiarity with the case's background is assumed. This has been a contentious case and the parties have raised voluminous arguments, not all of which are summarized herein. This memorandum decision and order focuses on what the Court sees as the Motion's controlling issue, which is Debtor's contention that the Objectors lack standing to present any objection and that their objections should be disallowed on the merits because the disallowance of their claims means that their rights and entitlements are not being prejudiced by the proposed structured dismissal, including the proposed payments to other parties while no reserve is being provided for the possibility that the Objectors' claims may be reinstated as a result of their pending appeals.

Both the Objectors' standing and the merits of the motion turn on the impact of the status of the Objectors' claims – namely, that they have been disallowed and/or expunged by order of this Court, with that order affirmed by the District Court in May of this year, but with a further

appeal now pending in the Second Circuit. *See* ECF Nos. 51 and 52; *see also* ECF No. 82 (docket notice of District Court affirming orders); *see generally* Docket, Case No. 26-1646 (consolidated appeal pending in the Second Circuit).

Movant has not shown to the Court's satisfaction that holders of disallowed claims who retain a live appeal of the order disallowing their claims lack of standing, or, put another way, possess no interest entitled to recognition and procedural protection. Movant emphasizes that the Objectors' claims have been disallowed, but it has not provided law showing that, where the Objectors retain a live appeal and the expungement order is not yet a final order, persons who are still pursuing remedies from an order no longer have standing to protect their interests, and/or no longer are entitled to have their potential entitlements appropriately protected against, among other things, the distribution of all estate assets such that there might or would be no funds remaining to satisfy their claims if they prevail in their pending appeal. It is just this sort of concern that animates the practice in Chapter 11 cases of creating disputed claim reserves so that holders of allowed claims can receive at least partial and timely distributions on account of their claims, while the estate reserves sufficient funds to provide the required pro rata distribution to holders of challenged claims to the extent those claims eventually are allowed.

This practical concern animates the Court's view that Movant has not shown that its proposed relief can be squared with limitations that the Supreme Court has imposed on structured dismissals. *See Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017). Roughly stated, *Jevic* requires that structured dismissals of Chapter 11 cases cannot deviate from the absolute priority rule by elevating the treatment of lower-priority interest-holders above the treatment of holders of non-consenting higher-priority entitlements against the debtor. *See id.* Movant has not identified law sufficient to satisfy this Court that the same reasoning and

limitation can be disregarded to allow satisfaction of currently allowed claims or interests while leaving insufficient funds for the estate to satisfy any entitlements that may or may not ultimately be found to be held by the Objectors.

The Court therefore hereby DENIES the Motion and shall not conduct the August 25 hearing that had been scheduled for the possibility of further argument should the Court have deemed it necessary. This denial is without prejudice in two respects. First, the Court's concern will be eliminated if or when Debtor prevails against the Objectors' pending appeal to the Second Circuit, and at such time, Debtor can reinstate the Motion or file a new one. And second, if Debtor believes law exists that would satisfy the Court's concern about the permissibility of allowing the immediate and seemingly complete depletion of estate funds while the Objectors' appeal remains pending, the Debtor may, within 30 days of the date of entry of this Order, file a new motion or a request to reinstate its current Motion based on such additional law. If Debtor makes such a filing, the Objectors may have two weeks to respond, and the Court will then either rule on the papers or schedule a hearing.

It is so ordered.

Dated: New York, New York
August 14, 2026

*s/ David S. Jones*
Honorable David S. Jones
United States Bankruptcy Judge